**Juan PEREZ–QUIROZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–75123.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2007.

Filed Feb. 26, 2007.

ed by 9th Cir. R. 36–3.

Matthew H. Adams, Esq., Andrea Parra, Esq., Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Jennifer Paisner, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

Before: FISHER and TALLMAN, Circuit Judges, and MILLS,* District Judge.

MEMORANDUM **

Juan Perez–Quiroz seeks review of the decision of the Board of Immigration Appeals upholding the denial by an immigration judge ("IJ") of petitioner's motion to suppress evidence and the IJ's finding that the government met its burden of establishing petitioner's removability. The IJ did not clearly err in finding that the agent did not stop petitioner solely because of his race and that two legitimate, non-racial factors motivated the agent's stop—petitioner appeared lost and was walking toward the Canadian border on a road frequented by undocumented aliens. *See United States v. Manzo–Jurado,* 457 F.3d 928, 936 (9th Cir.2006); *United States v. Diaz Juarez,* 299 F.3d 1138, 1142 (9th Cir.2002). It is a close question whether these legitimate factors suffice to support reasonable suspicion, but, where such a question is close, there is no egregious violation of the Fourth Amendment warranting exclusion of the evidence in a civil deportation proceeding. *See Adamson v. Comm'r,* 745 F.2d 541, 546 (9th Cir.1984) (concluding that "the constitutional questions are close enough that a reasonably competent police officer could have believed that the search was legal" and thus refusing to exclude evidence from a civil tax proceeding); *cf. Orhorhaghe v. INS,* 38

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

F.3d 488 (9th Cir.1994); *Gonzalez–Rivera v. INS*, 22 F.3d 1441 (9th Cir.1994).

Petition DENIED.